1 | Sean Reis (SBN 184044)
sreis@edelson.com
2 | EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
3 | Rancho Santa Margarita, CA  92688
Telephone:  (949) 459-2124
4 |
5 | David C. Parisi (SBN 162248)
dparisi@parisihavens.com
6 | Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
7 | PARISI & HAVENS LLP
15233 Valleyheart Drive
8 | Sherman Oaks, CA 91403
Telephone: (818) 990-1299
9 |
10 | Frederick S. Schwartz, (SBN 145351)
fred@fredschwartzlaw.com
11 | LAW OFFICES OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, Suite 1040
12 | Sherman Oaks, California   91403
Telephone: (818) 986-2407
13 |
14 | *Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS ANTONIO and ELDA ANTONIO, individually and on behalf of a class of similarly situated individuals, | Case No. CV11 - 10066 SJN (PJW) |
| | |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| | |
| v. | 1) **Violation of Unfair Competition Law ("UCL"), Bus. and Prof. Code Section 17200, *et seq.*;** |
| | 2) **Violation of Consumer Legal Remedies Act ("CLRA"), Civil Code section 1760, *et seq.*;** |
| SAXON MORTGAGE SERVICES, INC., a Texas corporation, | |
| | 3) **Conversion;** |
| Defendant. | 4) **Fraudulent and Negligent Misrepresentation; and** |
| | 5) **Unjust Enrichment/Restitution.** |
| | |
| | **DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT

Thomas Antonio and Elda Antonio (collectively "Plaintiffs"), for their complaint, allege as follows upon information and belief, based upon, inter alia, investigation conducted by their attorneys, except as to those allegations pertaining to Plaintiffs and their counsel personally, which are alleged upon personal knowledge:

### NATURE OF THE CASE

1.      This case is about Defendant Saxon Mortgage Services, Inc.'s ("Defendant" or "Saxon") unlawful and unfair calculation of excessive "insurance premium projections" and the resulting elevated escrow account contributions that Plaintiffs were required to pay on a monthly basis.

2.      Pursuant to the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulation, Regulation X, Defendant may impose monthly escrow contribution requirements based upon a reasonable projection of future insurance premiums derived from historic funds paid out of the escrow account and changes to the Consumer Price Index. Defendant, acting without justification and in violation of the law, knowingly imposed excessive monthly escrow contribution requirements on Plaintiffs and the putative Class members.

3.      Plaintiffs and the putative Class members therefore seek damages, restitution,, attorneys fees and equitable and injunctive relief for Defendant's unfair and unlawful behavior in violation of the California's Unfair Competition Law ("UCL"), Business & Professional Code § 17200, California's Consumer Legal Remedies Act ("CLRA"), § 1760, *et. seq.*, and various common law claims.

### PARTIES

4.      Plaintiffs Thomas and Elda Antonio are, and at all relevant times mentioned herein were, individuals residing within the County of Los Angeles, State of California.

5.      Defendant Saxon Mortgage Services, Inc. is a Texas corporation.  Defendant owns and services mortgages and other financial products throughout the United States, and this district.

## JURISDICTION & VENUE

6.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7.      This Court has personal jurisdiction over Defendant because Saxon conducts operations and services in California, is registered to do business in California, and the acts alleged herein originated in this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiffs reside in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PLAINTIFFS' FACTS

9.      In 2003, Plaintiffs obtained a loan for $209,000.00 secured by their home in Tujunga, California.  The lender was First Franklin Financial Corporation.

10.     As part of their mortgage, Plaintiffs agreed to contribute funds to an escrow impound account on a monthly basis.  The agreement between Plaintiffs and First Franklin Financial Corporation provides in pertinent part as follows:

> **IMPOUND ACCOUNT AUTHORIZATION**
> An impound account is an account established to ensure that required payments are made for certain items associated with a mortgage loan, such as taxes and insurance. The borrower pays the Lender 1/12th of the estimated annual cost of these items monthly along with its regular monthly payment of principal and interest. The Lender keeps these funds in the impound account and then pays the appropriate party before the due date. **Impound accounts are governed by state and federal law** and by conditions established by the Lender and its investors.

(emphasis added.)

11.     Defendant began servicing Plaintiffs' loan in or around October 2007.  As part of its servicing functions, Defendant determined projected insurance premiums that would be paid in the future with funds from Plaintiffs' impound account.

12.     Defendant's insurance premium projections for the annual periods beginning September 2007 and September 2008 were relatively consistent with historic insurance premium payments, with annual increases that typically ranged from $30.00 to $40.00.

13.     In or around June 2009, despite historic trends and without explanation, Defendant projected that Plaintiffs' annual homeowners insurance premium for the annual period beginning September 2009, would increase by $1,758.00, or approximately 200% over the prior period

14.     Contrary to Defendant's projections, Plaintiffs' actual homeowners insurance policy premium did not increase significantly for the annual period beginning September 2009.  As demonstrated below, Plaintiffs' actual annual insurance premium remained relatively constant from September 2005 through September 2010, with minor annual increases ranging from $25.00 to $45.00.

| Insurance Policy Period | Projected Premium | Projected Premium Increase | Actual Premium | Actual Premium Increase |
|---|---|---|---|---|
| 9/2005 to 9/2006 | ---[1] | --- | $770.00 | |
| 9/2006 to 9/2007 | ---[1] | --- | $815.00 | $45.00 |
| 9/2007 to 9/2008 | $815.00 | --- | $845.00 | $30.00 |
| 9/2008 to 9/2009 | $845.00 | $30.00 | $870.00 | $25.00 |
| 9/2009 to 9/2010 | $2,603.00 | $1,758.00 | $903.00 | $33.00 |

15.     In order to avoid defaulting on their mortgage, Plaintiffs were compelled to make the increased monthly impound payments that resulted from Defendant's increased premium projection.  Assuming a reasonable September 2009 premium projection of $900.00, Plaintiffs were forced to pay approximately $141.00 per month more than was actually necessary.

---

[1]     Plaintiffs are missing information for these periods.

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

-4-

**CLASS ACTION COMPLAINT**

**($2,603.00 - $900.00 = 1,703.00 annual overpayment based upon historic trends)**

**($1,703.00 / 12 = $141.92 monthly over-payment based upon historic trends)**

16.     As of June 2009, there had not been any significant changes to Plaintiffs' home or the surrounding neighborhood.  Likewise, there had not been any change in the relative Consumer Price Index so as to justify a substantial increase to the insurance premium.

17.      Moreover, on information and belief, Plaintiffs' escrow account was fully funded and did not have a deficiency warranting such an increase in monthly impound payments.

18.     Nonetheless, Defendant imposed the premium projection without reasonable basis or explanation, which resulted in Plaintiffs being required to contribute excessive funds into their escrow account.

19.     Plaintiffs contacted Defendant to contest the excessive escrow payment, but were unable to obtain any relief.  Defendant would not, or could not, provide reasonable justification for the substantial increase to Plaintiffs' projected insurance premium and the subsequent escrow contribution requirements.

20.     Eventually, believing that a lower priced insurance policy would reduce their monthly escrow payment, Plaintiffs found a more economical insurance policy priced at $786.09 per year and cancelled their original homeowners insurance policy, which was priced at $903.00 per year.

21.     Plaintiffs' change to a lower-priced insurance policy did not, however, impact Defendant's projected $2,603.00 premium and Defendant continued to collect excess impound contributions.

22.      On or about April 16, 2010, Plaintiffs were advised that their mortgage servicing was transferred from Defendant to Ocwen Loan Servicing, LLC ("Ocwen").

23.     In or around May 2010, after their loan had been transferred to Ocwen, Plaintiffs

received an escrow account projection from Ocwen.  (*See* "Ocwen Projection," a true and accurate copy of which is attached as Exhibit 2.)  This projection estimated that Plaintiffs' annual insurance premium would be $785.09. Ocwen then refunded Plaintiffs $937.35, which represented only a portion of the overcharged funds being held in Plaintiffs' impound account.

24.     Neither Ocwen nor Defendant has refunded Plaintiffs the entire amount of their excessive escrow payments for the September 2009 through September 2010 insurance period. Accordingly, the remaining excess funds are still due and owing to Plaintiffs.

## THE STATUTORY SCHEME

25.     RESPA is a consumer protection statute that, among other things, sets limits on the amount of money a lender may require a borrower to pay into an escrow account. These limits, as well as the account analyses requirements and method for analyzing account disbursements, are detailed in the implementing regulations found in Regulation X, 24 CFR § 3500.17(c).

26.     Specifically, § 3500.17(c)(1) provides:

(1)   A lender or servicer (hereafter servicer) shall not require a borrower to deposit into any escrow account, created in connection with a federally related mortgage loan, more than the following amounts:

. . . .

(ii)  Charges during the life of the escrow account. Throughout the life of an escrow account, the servicer may charge the borrower a monthly sum equal to one-twelfth (1/12) of the total annual escrow payments which the servicer **reasonably anticipates** paying from the account. In addition, the servicer may add an amount to maintain a cushion no greater than one-sixth (1/6) of the estimated total annual payments from the account. However, if a servicer determines through an escrow account analysis that there is a shortage or deficiency, the servicer may require the borrower to pay additional deposits to make up the shortage or eliminate the deficiency, subject to the limitations set forth in § 3500.17(f).

(emphasis added.)

27.     Further, § 3500.17(c)(3) provides:

> (3)   Subsequent escrow account analyses. For each escrow account, the servicer must conduct an escrow account analysis at the completion of the escrow account computation year to determine the borrower's monthly escrow account payments for the next computation year, subject to the limitations of paragraph (c)(1)(ii) of this section. **In conducting the escrow account analysis, the servicer must estimate the disbursement amounts according to paragraph (c)(7) of this section.**

(emphasis added.)

28.     Finally, § 3500.17(c)(7) provides:

> (7)   Servicer estimates of disbursement amounts. To conduct an escrow account analysis, the servicer shall estimate the amount of escrow account items to be disbursed. If the servicer knows the charge for an escrow item in the next computation year, then the servicer shall use that amount in estimating disbursement amounts. **If the charge is unknown to the servicer, the servicer may base the estimate on the preceding year's charge, or the preceding year's charge as modified by an amount not exceeding the most recent year's change in the national Consumer Price Index for all urban consumers (CPI, all items).** In cases of unassessed new construction, the servicer may base an estimate on the assessment of comparable residential property in the market area.

(emphasis added.)

29.     Defendant violated RESPA and Regulation X by imposing and collecting escrow payments from Plaintiffs and the Class members in excess of the permitted amounts.  Defendant knowingly overcharged its customers to protect its own interests in disregard of the law and the harm caused to Plaintiffs and the Class.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

> All persons in the United States and its Territories who had loans serviced by Defendant, who did not have an escrow account deficiency, and who:

(1)   were required to make impound escrow contributions that exceeded either:

(a) one-twelfth of the total items that Defendant knew would be paid with funds from the borrower's account in the next computation year, plus an additional "cushion" of one-sixth of the estimated total annual payments from the account; or

(b) one-twelfth of the total items that Defendant reasonably anticipated would be paid with funds from the borrower's account in the next computation year based upon the prior year's charge, plus an additional "cushion" of one-sixth of the estimated total annual payments from the account; or

(c) one-twelfth of the total items that Defendant reasonably anticipated would be paid with funds from the borrower's account in the next computation year based upon the prior year's charge adjusted by the most recent year's change in the national Consumer Price Index for all urban consumers, plus an additional "cushion" of one-sixth of the estimated total annual payments from the account;

(2)   satisfied all escrow contribution requirements imposed by Defendant; and

(3)   have not received full refund of the overcharged amounts, plus reasonable interest accumulated on the overcharged amounts.

31.   On information and belief, the Class consists of thousands of individuals, making joinder impractical.

32.   Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

33.   Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common

questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

34.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class in improperly calculating and charging Class members' escrow payments, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

35.     The factual and legal basis of Defendant's liability to Plaintiffs and to the Class are the same, resulting in injury to Plaintiffs and to all of the other members of the Class as a result of Defendant's unauthorized overcharges alleged herein. Plaintiffs and the Class members have all suffered harm and damages as a result of Defendant's unauthorized overcharges.

36.     There are questions of law and fact common to the claims of Plaintiffs and the Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a)     Whether Defendant has a practice of imposing monthly escrow payments that exceed one-twelfth of the total escrow payments that Defendant reasonably anticipates paying from borrowers' escrow accounts based upon the prior year's charge, plus a cushion of one-sixth total annual payments from the account;

(b)     Whether Defendant's practice of imposing escrow payments that exceed one-twelfth of the total reasonably anticipated escrow payments based upon the prior year's charge, plus sums allowable to achieve the one-sixth "cushion," violates Section 2609 of RESPA and Regulation X, section 3500.17(c);

(c)     Whether Defendant has a practice of imposing escrow payments that exceed the preceding year's payment by more than the most recent year's change in the

national Consumer Price Index for all urban consumers, plus a cushion of one-sixth total annual payments from the account;

(d)     Whether Defendant's practice of charging escrow payments that exceed the preceding year's payment by greater than the most recent year's change in the national Consumer Price Index for all urban consumers, plus one-sixth total annual payments from the account, violates Section 2609 of RESPA and Regulation X, section 3500.17(c);

(e)     What were Defendant's methods for calculating the escrow account projections for Plaintiffs and the Class;

(f)     Whether Defendant's methods for calculating the escrow account projections for Plaintiffs and the Class were fraudulent, unfair and/or unlawful;

(g)     Whether Defendant's representation of the amount Plaintiffs and the Class members were obligated to pay into their respective escrow accounts was fraudulent, unfair, and/or unlawful;

(h)     Whether Defendant's receipt and retention of monies paid by Plaintiffs and the Class members, in excess of what was permitted pursuant to RESPA and Regulation X, constituted an unlawful conversion;

(i)      Whether Defendant was negligent in its practice of imposing and collecting escrow charges from Plaintiffs and the Class;

(j)     Whether Plaintiffs and the Class members are entitled to relief, and the nature of such relief; and

(k)     Whether Plaintiffs and the Class members are entitled to treble damages based on the willfulness of Defendant's conduct?

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

**CLASS ACTION COMPLAINT**

**FIRST CAUSE OF ACTION**
**(Violation of the California's UCL, Bus. and Prof. Code section 17200, *et. seq.*)**
**(by Plaintiffs and the Class)**

37.     Plaintiffs hereby incorporate the above Paragraphs as if fully set forth herein.

38.     Defendant's practice of determining unreasonable insurance premium projections and imposing excessive monthly escrow contributions constitutes unfair and fraudulent conduct in violation of California's UCL.

***Defendant's conduct violates the "Unfair" prong of the UCL***

39.     Defendant's conduct is unfair because it violates RESPA § 2609 and the implementing regulation, Regulation X, § 3500.17(c).  Pursuant to § 3500.17(c)(1), a servicer may not require a borrower to pay monthly escrow contributions in excessive of one-twelfth of the total annual payments that the servicer reasonable anticipates paying from the borrower's escrow account, plus sums necessary to achieve a one-sixth cushion over anticipated annual payments. Pursuant to § 3500.17(c)(7), a servicer may base its escrow analysis on known future payments or, in the absence of such information, on the preceding year's charge or the preceding year's charge modified to account for the most recent year's change in the national CPI for all urban consumers.

40.     Defendant, acting without reasonable basis and in violation of § 3500, imposed insurance premium projections that exceeded the prior year's actual premium payments by approximately 200% and thus imposed monthly escrow contribution requirements that exceeded one-twelfth of total reasonably anticipated payments, plus the one-sixth  "cushion."

41.     Defendant's actions were further unfair because they denied Plaintiffs access to and use of the funds that Plaintiffs were improperly required to contribute to their escrow account and caused undue burden to Plaintiffs' monthly cash flow.  Defendant's actions caused substantial injury to Plaintiff and the Class, which is not outweighed by any countervailing benefits to consumers or competition, and the injury is one that Plaintiffs and the Class themselves could not

reasonably have avoided.

***Defendant's conduct violates the "Fraudulent" prong of the UCL***

42.     Defendant's conduct has violated the "fraudulent" prong of the UCL in that Defendant knowingly misrepresented to Plaintiffs the amount of escrow contributions that were necessary to satisfy future obligations with knowledge that such misrepresentations were likely to deceive a reasonable consumer.

43.     Defendant's violations of the UCL caused Plaintiffs and the Class to pay excessive monies into their escrow accounts.  Plaintiffs and the Class have therefore suffered harm in the form of lost access to funds, along with other harm.

44.     Plaintiffs, on their own behalf and behalf of the Class, seek an order preliminarily and permanently enjoining Defendant's unfair, unlawful, and fraudulent conduct alleged herein which is continuous and ongoing and requiring Defendant to comply with RESPA and Regulation X, individual restitution of property gained by Defendant's unfair and fraudulent practices, interest and attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

**SECOND CAUSE OF ACTION:**
**(Violation of the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1760, *et seq.*)**
**(by Plaintiffs and the Class)**

45.     Plaintiffs hereby incorporate the above Paragraphs as if fully set forth herein.

46.     Plaintiffs and the Class are "consumers" within the context of the CLRA with respect to the mortgage and loan agreements they had with Defendant. Cal. Civ. Code § 1761(d).

47.     Plaintiffs and the Class members' execution of, and performance under, their respective loan agreements (including their payments to Defendant and Defendant's receipt of such payments) constitute "transactions" as defined by the CLRA. Cal. Civ. Code § 1761(e).

48.     The loan agreement between Defendant and the Plaintiffs states that the impound account resulting from the agreement is governed by state and federal law.  Therefore, the

agreement implies that monies that Defendant requires Plaintiffs to pay into their escrow account are lawful and enforceable.

49.     As described above, Defendant's determination of insurance premium "projections" and subsequent overcharge of monthly escrow payments violated RESPA and Regulation X.

50.     Defendant's representations with regard to the insurance premium projections prepared for Plaintiffs, and corresponding monthly escrow payment requirements, were likely to mislead reasonable consumers into believing that the loan agreements conferred false rights and obligations (namely that Defendant's escrow charges were valid and enforceable). Defendant thus violated Civil Code § 1770(a)(14).

51.     Pursuant to Civil Code § 1782, Plaintiffs provided Defendant with notice in writing of the particular violations of the CLRA with a letter dated April 22, 2011. In this letter, Plaintiffs requested that Defendant correct its violations of the CLRA. Defendant never responded to this notification.

52.     Plaintiffs and the Class members incurred damages because of Defendant's violations of RESPA and Regulation X. Plaintiffs and the Class members would not have paid escrow contributions in excess of what was required under RESPA and Regulation X had they known that Defendant's excess charges were illegal and prohibited. With regard to the portion of funds that Ocwen refunded, Plaintiffs still suffered from lost use of those monies and were not compensated in the form of accumulated interest or otherwise.

53.     Plaintiffs, on their own behalf and behalf of the putative Class members, seek an order enjoining the CLRA violations alleged herein and restitution of property gained by the foregoing CLRA violations under Civil Code § 1780(d).

### THIRD CAUSE OF ACTION
### (Conversion)
### (by Plaintiffs and the Class)

54.     Plaintiffs hereby incorporate the above Paragraphs as if fully set forth herein.

55.     Plaintiffs and the Class members entered into agreements with Defendant that authorized Defendant to establish an impound account on their behalf.

56.     Defendant intentionally and fraudulently represented to Plaintiffs that they were obligated to pay certain amounts into the escrow account. In fact, Plaintiffs had a legal right to retain and use the excess funds that Defendant required them to pay into the impound account.

57.     Based upon Defendant's false representations that certain monies were due and owing, Plaintiffs paid the entire amount charged by Defendant for the impound account and thus were deprived of access to and use of funds that rightfully belonged Plaintiffs.  In reality, the amounts charged by Defendant were excessive and unlawful and Defendant had no right to impose such charges upon Plaintiffs and the Class.

58.     Defendant imposed the excess charges to protect its own interests and it did so knowingly. Defendant failed to refund in full the overcharged monies and thus caused substantial harm to Plaintiffs and the Class members. Plaintiffs and the Class members have also sustained additional economic losses as a direct, proximate and legal result of Defendant's conduct, including harm resulting from the deprivation of access to monies, in an amount to be proven at trial.

59.     Plaintiffs, on their own behalf and on behalf of the Class members, seek an award of damages in the amount of the overpayment at the time of conversion, interest on the overpaid funds, and fees to compensate Plaintiffs for the time and money expended in pursuit of their funds.

### FOURTH CAUSE OF ACTION
### (Fraudulent and Negligent Misrepresentation)
### (by Plaintiffs and the Class)

60.     Plaintiffs hereby incorporate the above Paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

61.     Defendant falsely represented to Plaintiffs that they were obligated to pay certain escrow contributions on a monthly basis, based upon Defendant's projection of Plaintiffs' insurance premiums. In fact, the insurance premium projections prepared by Defendant were not reasonable, and Plaintiffs were not legally obligated to pay such funds into their escrow account.

62.     Defendant knew, or reasonably should have known, that its representations to Plaintiffs regarding monthly escrow contribution requirement were false in that the projected insurance premiums represented an increase over the previous year's actual premiums of approximately 200% and had no bearing to the Consumer Price Index or other market indicators. Furthermore, even when Plaintiffs made Defendant aware that they had entered into a new insurance contract with a lower premium, Defendant did not adjust the premium projection or escrow payment requirement.

63.     Defendant made the false representation to Plaintiffs for the purpose of inducing them to pay the excessive charges and therefore intended that Plaintiffs would rely on Defendant's misinformation regarding insurance premium projections. Defendant knowingly imposed the excess charges to build up a greater escrow reserve and therein protect its own interests.

64.     In reasonable reliance on Defendant's misrepresentations that certain monies were legally due and owing, Plaintiff and the Class members paid the entire amount charged by Defendant for the impound accounts. In reality, the amounts charged by Defendant were excessive and unlawful and Defendant had no right to impose such charges upon Plaintiffs and the Class. Plaintiffs and the Class would not have paid Defendant any fees in excess of what were required under RESPA and Regulation X if they had known that Defendant's excess charges were illegal and prohibited.

65.     Plaintiffs and the Class have also sustained economic injury and other losses as a direct, proximate and legal result of Defendant's misrepresentations.

66.     Plaintiffs, on their own behalf and behalf of the Class members, seek an award of compensatory and punitive damages for Defendant's misrepresentations, interest and attorneys' fees, in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(Restitution/Unjust Enrichment)**
**(By Plaintiffs and the Class)**

67.     Plaintiffs hereby incorporate the above Paragraphs as if fully set forth herein.

68.     Plaintiffs and the Class members have conferred a benefit upon Defendant in the form of increased impound account reserves.

69.     As a result of Defendant's billing and collection of significant and unlawful sums of money for Plaintiffs and the Class members' respective impound accounts, Defendant has received and retained money belonging to Plaintiffs and the Class members.

70.     Defendant appreciates or has knowledge of said benefit.

71.     Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiffs and the Class members, which it has unjustly received as a result of its unlawful actions.

72.     As an actual and proximate result of Defendant's misconduct, Plaintiffs and the Class members have incurred damages.

73.     Plaintiffs and the Class members seek for the misconduct described herein disgorgement of all revenue and profits gained through its unlawful and excessive escrow contribution requirements, as well as interest and attorney's fees and costs pursuant to Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, pray for the following relief:

1.      An order certifying the Class as defined above;

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

**CLASS ACTION COMPLAINT**

2.   An award of compensatory and punitive damages;

3.   An order disgorging all revenues and profits gained by Defendant through its unlawful behavior;

4.   An injunction requiring Defendant to cease the imposition of the excessive charges described herein;

5.   An award of reasonable attorneys' fees and costs; and

6.   Such further and other relief the Court deems reasonable and just.

Dated: December 5, 2011                        Respectfully submitted,


By: _____
Sean Reis (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124
Facsimile:  (949) 459-2123

David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Frederick S. Schwartz, (SBN 145351)
fred@fredschwartzlaw.com
LAW OFFICES OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, Suite 1040
Sherman Oaks, California   91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124

## JURY DEMAND

Plaintiffs demand a trial by jury of all causes of action and matters so triable.

Dated: December 5, 2011

Respectfully submitted,

By: _____

Sean Reis (SBN 184044)
sreis@edelson.com
EDELSON McGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA  92688
Telephone:  (949) 459-2124
Facsimile:  (949) 459-2123

David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Frederick S. Schwartz, (SBN 145351)
fred@fredschwartzlaw.com
LAW OFFICES OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, Suite 1040
Sherman Oaks, California  91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 10066 SJO (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

THOMAS ANTONIO and ELDA ANTONIO,
individually and on behalf of a class of similarly
situated individuals,

PLAINTIFF(S)

v.

SAXON MORTGAGE SERVICES, INC., a Texas
corporation,

DEFENDANT(S).

CASE NUMBER

CV11-10066 SJO (PJWx)

**SUMMONS**

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __David C. Parisi_____, whose address is __15233 Valleyheart Drive, Sherman Oaks, California 91403_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC - 5 2011_____

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ANTONIO and ELDA ANTONIO, individually and on behalf of a class of similarly situated individuals, <br><br> PLAINTIFF(S) <br><br> v. <br><br> SAXON MORTGAGE SERVICES, INC., a Texas corporation, <br><br> DEFENDANT(S). | **CASE NUMBER** <br><br> CV11-10066 SJO(PJWx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __2-1__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __David C. Parisi_____, whose address is __15233 Valleyheart Drive, Sherman Oaks, California 91403_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ DEC - 5 2011 _____

By: _____ JULIE PRADO _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THOMAS ANTONIO and ELDA ANTONIO, individually and on behalf of a class of similarly situated individuals

**DEFENDANTS**
SAXON MORTGAGE SERVICES, INC., a Texas corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David C. Parisi; Suzanne Havens Beckman
PARISI & HAVENS LLP, 15233 Valleyheart Drive, Sherman Oaks, California 91403; (818) 990-1299

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) Viol. of Bus. & Prof. Code §17200, et seq.; 2) Viol. of Civil Code §1760, et seq.; 3) Conversion; 4) Fraudulent & Negligent Misrep.; & 5) Unjust Enrichment/Restitution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-10066

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 5, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |